■ In the Matter of JOHN T. MEEHAN, Respondent, v NASSAU COMMUNITY COLLEGE, Appellant. [639 NYS2d 402] —In a proceeding pursuant to CPLR article 75 to vacate arbitration awards dated March 2, 1994, and March 5, 1994, respectively, the appeal is from an order of the Supreme Court, Nassau County (Roberto, J.), dated August 25, 1994, which granted the petition and vacated the awards.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the awards are reinstated.

The petitioner and the appellant are parties to a collective bargaining agreement which includes a provision for grievances to be appealed to a grievance board (hereinafter the board). The board is to be made up of three arbitrators, one of whom, the "neutral arbitrator", is to be selected from a list of Nassau County Public Employee Relations Board (hereinafter PERB) arbitrators. The agreement does not state a specific term of office for any of the arbitrators. In the case at bar the neutral arbitrator was appointed on February 25, 1993. A little over one year later, the board, including the neutral member, rendered the two awards at issue on March 2, 1994, and March 5, 1994. The petitioner commenced this proceeding to vacate the awards on the ground that the neutral member's term of office had expired. The court granted the petition stating that "the two decisions executed after [the neutral arbitrator's] term [had] expired are * * * a nullity". We reverse.

CPLR 7511 sets forth limited grounds whereby an arbitration award may be vacated. One of these is when the court finds that "the rights of [a] party were prejudiced by * * * an arbitrator * * * making [an] award [who] exceeded his power" (CPLR 7511 [b] [1] [iii]). The petitioner contends that the awards were properly vacated pursuant to this section since the neutral member exceeded his power by rendering an award after his term had expired. However, the petitioner has not submitted any evidence demonstrating that the neutral member's term had expired at the time the awards were rendered. In fact, in two prior PERB decisions between these same parties, the Administrative Law Judge specifically stated that the neutral arbitrator serves for a term of "*approximately one year*" and that "since * * * the parties' first contract in the mid-1970's [each of the neutral grievance arbitrators has served] for a term of *approximately one year*" (*Matter of Nassau County Community Coll. [Adjunct Faculty Assn.]*, 20 PERB 4503 [emphasis added]; *see, Matter of Nassau County Community Coll. [Adjunct Faculty Assn.]*, 20 PERB 4577). Moreover, an arbitrator is not necessarily divested of authority to issue an award on a matter which he has fully heard because his term expired between the conclusion of the hearings and the handing down of a decision (*Nolde Bros. v Local No. 358*, 430 US 243, 251).

Accordingly, in light of the above, and mindful of the fact that the agreement between the parties makes no provision for the length of a neutral arbitrator's term, the two awards, rendered within one year and ten days after the neutral arbitrator's appointment, were not in excess of the arbitrator's powers and, thus, should not have been vacated. Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.